IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JANE FRERES,<br><br>       **Plaintiff,**<br><br>v.<br><br>XYNGULAR CORPORATION, a Delaware corporation; and JOHN DOES 1 through 10,<br><br>       **Defendants.** | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:13-cv-400-DAK-PMW<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Jane Freres's ("Plaintiff") motion to quash Xyngular Corporation's ("Defendant") subpoenas *duces tecum*.[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## RELEVANT BACKGROUND

Defendant is a network marketing company that distributes its products through a network of independent distributors.  Plaintiff is a former independent distributor for Defendant.

---

[1] *See* docket no. 26.

[2] *See* docket no. 23.

In her complaint, Plaintiff alleges that Defendant wrongfully terminated her independent distributor account based upon her alleged recruiting of Defendant's independent distributors to join another network marketing company.  Plaintiff asserts that she did not engage in such cross-recruiting.  In its answer and counterclaim, Defendant alleges that Plaintiff violated the terms of the contract between the parties by engaging in such cross-recruiting.

In one of Plaintiff's discovery requests, she sought information from Defendant concerning Plaintiff's alleged instances of cross-recruiting.[3]  In its response, Defendant identified three instances in which Plaintiff allegedly cross-recruited.[4]

Subsequently, Defendant served subpoenas *duces tecum* (collectively, "Subpoenas") on Visalus, Inc. ("Visalus")[5] and Nerium International, LLC ("Nerium").[6]  Based on the parties' written submissions, it appears that Visalus and Nerium are competitors of Defendant.  It also appears that Plaintiff has some business connection with both Visalus and Nerium.  In the Subpoenas, Defendant generally seeks information about additional instances of Plaintiff's alleged cross-recruiting.  Specifically, the Subpoenas seek information from Visalus and Nerium concerning any persons who (1) were sponsored or recruited by Plaintiff to distribute products for Visalus or Nerium, (2) received any compensation from Visalus or Nerium to distribute products for those entities and were sponsored or recruited by Plaintiff, (3) purchased any products from Visalus or Nerium resulting in compensation being paid to Plaintiff for recruiting

---

[3] *See* docket no. 23, Exhibit A at 4.

[4] *See id*. at 4-5.

[5] *See* docket no. 20.

[6] *See* docket no. 21.

or sponsoring those persons, and (4) purchased any products from Visalus or Nerium resulting in compensation being paid to Plaintiff.[7]

## LEGAL STANDARDS

The motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Advisory Committee Notes for the 2000 Amendments to rule 26 direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1).

In *In re Cooper Tire & Rubber Company*, 568 F.3d 1180 (10th Cir. 2009), the Tenth Circuit clarified that the 2000 Amendments to rule 26 "implemented a two-tiered discovery process; the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action." *Id*. at 1188. The Tenth Circuit further stated that

---

[7] *See* docket no. 20, Exhibit A; docket no. 21, Exhibit A.

> when a party objects that discovery goes beyond that relevant to the claims or defenses, "the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." This good-cause standard is intended to be flexible. When the district court does intervene in discovery, it has discretion in determining what the scope of discovery should be. "[T]he actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested."

*Id*. at 1188-89 (quoting Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1)) (citations and footnote omitted) (alteration in original).

Because the motion before the court seeks to quash the Subpoenas, the court also notes that rule 45(d)(3) of the Federal Rules of Civil Procedure provides the court with the authority to quash or modify a subpoena. *See* Fed. R. Civ. P. 45(d)(3). In addition, rule 45(d)(3)(B)(i) provides: "To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Civ. P. 45(d)(3)(B)(i).

## **ANALYSIS**

In her motion, Plaintiff argues that Defendant should not be allowed to obtain the information sought by the Subpoenas because it goes beyond the scope of the three alleged instances of cross-recruiting identified by Defendant in its responses to Plaintiff's discovery requests. Therefore, Plaintiff contends, the Subpoenas seek information that is not relevant to the claims and defenses in this case. That argument is without merit.

4

In the court's view, Plaintiff is unilaterally attempting to limit the scope of discovery. Not only is Defendant entitled to supplement its discovery responses as it discovers additional responsive information, the court concludes that Defendant is also entitled to conduct discovery into additional instances of Plaintiff's alleged cross-recruiting. While Defendant has identified only three instances of alleged cross-recruiting in its discovery responses, the court cannot say that, under the broad scope of discovery, any additional alleged instances of such behavior are not relevant to the claims and defenses in this case. In reaching that conclusion, the court concludes only that the information is discoverable and renders no opinion about whether such information will eventually be admissible. Admissibility determinations will be made by the district judge at trial.

Furthermore, even if Plaintiff had persuaded the court that the information sought by the Subpoenas is not relevant to the claims and defenses in this case, the court would have nevertheless concluded that good cause exists for expanding the scope of discovery in this case to allow the Subpoenas because they seek information that is relevant to the subject matter of this case. *See In re Cooper Tire & Rubber Company*, 568 F.3d at 1188-89. Plaintiff is reminded that she initiated this case and put her alleged cross-recruiting, or absence of such conduct, at issue. As such, the court concludes that Defendant is entitled to conduct discovery on that issue beyond the information contained in its responses to Plaintiff's discovery requests.

Plaintiff also argues that the Subpoenas should be quashed because they seek sensitive, confidential, and proprietary information from Visalus and Nerium. That argument is likewise without merit. Pursuant to civil rule 26-2(a) of the Rules of Practice for the United States District Court for the District of Utah, the court's Standard Protective Order is already in place in

this case. *See* DUCivR 26-2(a)(1) ("The Standard Protective Order is effective by virtue of this rule and need not be entered in the docket of the specific case."). The Standard Protective Order provides that it "shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of [the Standard] Protective Order." DUCivR Appendix XV, Standard Protective Order. The Standard Protective Order further provides that any party may designate information as "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY." *Id*. In the court's view, the ability to designate any sensitive, confidential, and proprietary information produced by way of the Subpoenas in such a fashion provides adequate protection to obviate any concerns Plaintiff has about inappropriate disclosure of the information.

For these reasons, the court concludes that the Subpoenas should not be quashed. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to quash Defendant's subpoenas *duces tecum*[8] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 24th day of February, 2014.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 23.