# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| JANE FRERES,<br><br>      **Plaintiff,**<br><br>v.<br><br>XYNGULAR CORPORATION, a Delaware corporation; and JOHN DOES 1 through 10,<br><br>      **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-cv-400-DAK-PMW<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Xyngular Corporation's ("Defendant") motion to compel production of Jane Freres's ("Plaintiff") cell phone for copying and inspection.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## **LEGAL STANDARDS**

The motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent

---

[1] *See* docket no. 26.

[2] *See* docket no. 32.

an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Advisory Committee Notes for the 2000 Amendments to rule 26 direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1).

In *In re Cooper Tire & Rubber Company*, 568 F.3d 1180 (10th Cir. 2009), the Tenth Circuit clarified that the 2000 Amendments to rule 26 "implemented a two-tiered discovery process; the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action." *Id*. at 1188. The Tenth Circuit further stated that

> when a party objects that discovery goes beyond that relevant to the claims or defenses, "the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." This good-cause standard is intended to be flexible. When the district court does intervene in discovery, it has discretion in determining what the scope of discovery should be. "[T]he actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the

2

nature of the claims and defenses, and the scope of the discovery requested."

*Id*. at 1188-89 (quoting Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1)) (citations and footnote omitted) (alteration in original).

Because the motion before the court seeks production of Plaintiff's cell phone for copying and inspection, the court turns to rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(a)(1)(A). That rule permits a party to "inspect, copy, test, or sample . . . electronically stored information," including "data or data compilations . . . stored in any medium." *Id*. However, rule 26(b)(2)(B) provides limitations on electronically stored information. *See* Fed. R. Civ. P. 26(b)(2)(B). Specifically, that rule provides that

> [a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*Id*. In addition, with respect to limiting discovery, rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

## RELEVANT BACKGROUND

Defendant is a network marketing company that distributes its products through a network of independent distributors. Plaintiff is a former independent distributor for Defendant. In her complaint, Plaintiff alleges that Defendant wrongfully terminated her independent distributor account based upon her alleged recruiting of Defendant's independent distributors to join another network marketing company. Plaintiff asserts that she did not engage in such cross-recruiting. In its answer and counterclaim, Defendant alleges that Plaintiff violated the terms of the contract between the parties by engaging in such cross-recruiting.

In one of Plaintiff's discovery requests, she sought information from Defendant concerning Plaintiff's alleged instances of cross-recruiting.[3] In its response, Defendant identified three instances in which Plaintiff allegedly cross-recruited.[4]

In a previous order issued on February 24, 2014,[5] this court denied Plaintiff's motion to quash Defendant's subpoenas *duces tecum* served on Visalus, Inc. ("Visalus")[6] and Nerium

---
[3] *See* docket no. 23, Exhibit A at 4.

[4] *See id*. at 4-5.

[5] *See* docket no. 36.

[6] *See* docket no. 20.

4

International, LLC ("Nerium")[7] (collectively, "Subpoenas"). Based on the parties' written submissions on that motion to quash, it appears that Visalus and Nerium are competitors of Defendant. It also appears that Plaintiff has some business connection with both Visalus and Nerium. In the Subpoenas, Defendant generally sought information about additional instances of Plaintiff's alleged cross-recruiting. Specifically, the Subpoenas sought information from Visalus and Nerium concerning any persons who (1) were sponsored or recruited by Plaintiff to distribute products for Visalus or Nerium, (2) received any compensation from Visalus or Nerium to distribute products for those entities and were sponsored or recruited by Plaintiff, (3) purchased any products from Visalus or Nerium resulting in compensation being paid to Plaintiff for recruiting or sponsoring those persons, and (4) purchased any products from Visalus or Nerium resulting in compensation being paid to Plaintiff.

In her motion to quash the Subpoenas, Plaintiff argued that Defendant should not be allowed to obtain the information sought by the Subpoenas because it went beyond the scope of the three alleged instances of cross-recruiting identified by Defendant in its responses to Plaintiff's discovery requests. Therefore, Plaintiff contended, the Subpoenas sought information that is not relevant to the claims and defenses in this case. The court concluded that Plaintiff's argument was without merit.

In reaching that conclusion, the court determined that Plaintiff was unilaterally attempting to limit the scope of discovery. The court also determined that Defendant is entitled to conduct discovery into additional instances of Plaintiff's alleged cross-recruiting. The court noted that while Defendant had identified only three instances of alleged cross-recruiting in its

---

[7] *See* docket no. 21.

discovery responses, the court could not say that, under the broad scope of discovery, any additional alleged instances of such behavior are not relevant to the claims and defenses in this case. The court also concluded that, even if Plaintiff had persuaded the court that the information sought by the Subpoenas is not relevant to the claims and defenses in this case, the court would have nevertheless determined that good cause exists for expanding the scope of discovery in this case to allow the Subpoenas because they sought information that is relevant to the subject matter of this case. *See In re Cooper Tire & Rubber Company*, 568 F.3d at 1188-89. Plaintiff was reminded that she initiated this case and put her alleged cross-recruiting, or absence of such conduct, at issue. As such, the court concluded that Defendant is entitled to conduct discovery on that issue beyond the information contained in its responses to Plaintiff's discovery requests.

In her motion to quash, Plaintiff also argued that the Subpoenas should be quashed because they sought sensitive, confidential, and proprietary information from Visalus and Nerium. That court concluded that argument was likewise without merit. The court noted that, pursuant to civil rule 26-2(a) of the Rules of Practice for the United States District Court for the District of Utah, the court's Standard Protective Order is already in place in this case. *See* DUCivR 26-2(a)(1) ("The Standard Protective Order is effective by virtue of this rule and need not be entered in the docket of the specific case."). The court further noted that the Standard Protective Order provides that it "shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of [the Standard] Protective Order." DUCivR Appendix XV, Standard Protective Order. Finally, the court noted that the Standard Protective Order further provides that any party may designate information as

6

"CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY." *Id*. The court concluded that the ability to designate any sensitive, confidential, and proprietary information produced by way of the Subpoenas in such a fashion provides adequate protection to obviate any of Plaintiff's concerns about inappropriate disclosure of the information.

## **ANALYSIS**

In the motion before the court, Defendant seeks an order compelling Plaintiff to produce her cell phone for copying and inspection. Defendant argues that it expects to retrieve evidence of communications from Plaintiff's cell phone concerning her alleged cross-recruiting efforts. Defendant further contends that any such information is relevant in this case.

In response to Defendant's motion, Plaintiff presents arguments that are substantively identical to the arguments she presented in her motion to quash. First, Plaintiff first argues that Defendant should not be allowed to copy and inspect her cell phone because Defendant is seeking information that goes beyond the scope of the three alleged instances of cross-recruiting identified by Defendant in its responses to Plaintiff's discovery requests and, therefore, Defendant is seeking information that is not relevant to the claims and defenses in this case. The court rejected that argument when addressing Plaintiff's motion to quash and rejects it again here. The reasoning the court employed in reaching that conclusion is set forth above and will not be repeated here.

Second, Plaintiff argues that she should not have to produce her cell phone for copying and inspection because it contains personal, confidential, and privileged information. That argument was likewise presented by Plaintiff in her motion to quash and was rejected by the court. The court again concludes that it is without merit with respect to Defendant's motion to

compel. As noted above, pursuant to civil rule 26-2(a), the court's Standard Protective Order is already in place in this case. *See* DUCivR 26-2(a)(1). For the same reasons set forth in the order on Plaintiff's motion to quash, the court concludes the Standard Protective Order provides a vehicle for Plaintiff to adequately protect any personal, confidential, and privileged information from inappropriate disclosure. Furthermore, in its motion and reply memorandum, Defendant has set forth a very specific process for conducting the copying and inspection, as well as the narrow category of information it seeks. Accordingly, the court will order the copying and inspection to take place in accordance with the terms outlined in Defendant's motion and reply memorandum, which will provide protection beyond the Standard Protective Order to prevent inappropriate disclosure of personal, confidential, and privileged information.

Third, Plaintiff argues that she should not have to produce her cell phone for copying and inspection because it is her only point of contact in the case of an emergency. The court recognizes that concern. However, to obviate that problem, the court will require Defendant to obtain and pay for an alternate cell phone for Plaintiff's use while her cell phone is away for copying and inspection. The court understands that Plaintiff will be inconvenienced by the process of surrendering her cell phone for copying and inspection. However, the court does not view that inconvenience as an undue burden. Plaintiff is reminded that she initiated this case. In doing so, she must bear the consequences caused by litigation, which include some burdens and inconveniences.

Fourth, to the extent that Plaintiff's final two arguments are directed at the limitations set forth in rule 26, the court has determined that those limitations do not apply here. The court concludes that Plaintiff has failed to establish "undue burden or cost," as required by rule

26(b)(2)(B). Fed. R. Civ. P. 26(b)(2)(B). As noted above, while there may be some burden associated with producing her cell phone for copying and inspection, the court does not believe it is an undue burden. With respect to cost, the court concludes that any such issues are alleviated by the court requiring Defendant to provide Plaintiff with an alternate cell phone, as outlined above. Furthermore, even if Plaintiff had carried her burden of showing "undue burden or cost," the court would nevertheless order copying and inspection of her cell phone based on Defendant's showing of "good cause," and the court's decision to "specify conditions for the discovery." *Id*. Turning to the limitations of rule 26(b)(2)(C), the court concludes that none of them applies in this case. Plaintiff presents no arguments that could be construed as implicating either rule 26(b)(2)(C)(i) or rule 26(b)(2)(C)(ii). To the extent that her last two arguments are directed at rule 26(b)(2)(C)(iii), the court concludes that the benefit of the discovery obtained from her cell phone outweighs any burden or expense associated with the inspection and copying. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

As a final matter, the court notes that in reaching the conclusion that Plaintiff's cell phone should be produced for copying and inspection, the court concludes only that the information on her cell phone is discoverable. The court renders no opinion about whether such information will eventually be admissible. Admissibility determinations will be made by the district judge at trial.

## CONCLUSION AND ORDER

Based on the foregoing, the court concludes that Defendant is entitled to access to Plaintiff's cell phone for copying and inspection. Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's motion to compel[8] is **GRANTED**.

2. Plaintiff shall produce her cell phone to Defendant for copying and inspection within thirty (30) days of the date of this order. Defendant shall conduct the copying and inspection in accordance with the specific terms outlined in both its motion and reply memorandum.

3. Defendant shall provide an alternate cell phone for Plaintiff to use while her cell phone is away for copying and inspection. All costs related to the provision of the alternate cell phone shall be paid by Defendant.

**IT IS SO ORDERED**.

DATED this 31st day of March, 2014.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 32.