# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **JANE FRERES,** <br><br> Plaintiff, <br><br> v. <br><br> **XYNGULAR CORPORATION, a Delaware corporation; and JOHN DOES 1 through 10,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:13-cv-400-DAK-PMW <br><br> **District Judge Dale A. Kimball** <br><br> **Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Xyngular Corporation's ("Defendant") motion to amend the scheduling order in order to depose Nerium International, LLC ("Nerium").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## **RELEVANT BACKGROUND**

Defendant is a network marketing company that distributes its products through a network of independent distributors. Plaintiff is a former independent distributor for Defendant.

---

[1] *See* docket no. 26.

[2] *See* docket no. 68.

In her complaint, Plaintiff alleges that Defendant wrongfully terminated her independent distributor account based upon her alleged recruiting of Defendant's independent distributors to join another network marketing company. Plaintiff asserts that she did not engage in such cross-recruiting. In its answer and counterclaim, Defendant alleges that Plaintiff violated the terms of the contract between the parties by engaging in such cross-recruiting.

In one of Plaintiff's discovery requests, she sought information from Defendant concerning Plaintiff's alleged instances of cross-recruiting.[3] In its response, Defendant identified three instances in which Plaintiff allegedly cross-recruited.[4]

In a previous order issued on February 24, 2014,[5] this court denied Plaintiff's motion to quash Defendant's subpoenas *duces tecum* served on Visalus, Inc. ("Visalus")[6] and Nerium[7] in November 2013 (collectively, "Subpoenas"). Based on the parties' written submissions on that motion to quash, it appears that Visalus and Nerium are competitors of Defendant. It also appears that Plaintiff has some business connection with both Visalus and Nerium. In the Subpoenas, Defendant generally sought information about additional instances of Plaintiff's alleged cross-recruiting. Specifically, the Subpoenas sought information from Visalus and Nerium concerning any persons who (1) were sponsored or recruited by Plaintiff to distribute products for Visalus or Nerium, (2) received any compensation from Visalus or Nerium to distribute products for those entities and were sponsored or recruited by Plaintiff, (3) purchased

---

[3] *See* docket no. 23, Exhibit A at 4.

[4] *See id*. at 4-5.

[5] *See* docket no. 36.

[6] *See* docket no. 20.

[7] *See* docket no. 21.

any products from Visalus or Nerium resulting in compensation being paid to Plaintiff for recruiting or sponsoring those persons, and (4) purchased any products from Visalus or Nerium resulting in compensation being paid to Plaintiff.

In her motion to quash the Subpoenas, Plaintiff argued that Defendant should not be allowed to obtain the information sought by the Subpoenas because it went beyond the scope of the three alleged instances of cross-recruiting identified by Defendant in its responses to Plaintiff's discovery requests. Therefore, Plaintiff contended, the Subpoenas sought information that is not relevant to the claims and defenses in this case. The court concluded that Plaintiff's argument was without merit.

In reaching that conclusion, the court determined that Plaintiff was unilaterally attempting to limit the scope of discovery. The court also determined that Defendant is entitled to conduct discovery into additional instances of Plaintiff's alleged cross-recruiting. The court noted that while Defendant had identified only three instances of alleged cross-recruiting in its discovery responses, the court could not say that, under the broad scope of discovery, any additional alleged instances of such behavior are not relevant to the claims and defenses in this case. The court also concluded that, even if Plaintiff had persuaded the court that the information sought by the Subpoenas is not relevant to the claims and defenses in this case, the court would have nevertheless determined that good cause exists for expanding the scope of discovery in this case to allow the Subpoenas because they sought information that is relevant to the subject matter of this case. *See In re Cooper Tire & Rubber Company*, 568 F.3d 1180, 1188-89 (10th Cir. 2009). Plaintiff was reminded that she initiated this case and put her alleged cross-recruiting, or absence of such conduct, at issue. As such, the court concluded that Defendant is

entitled to conduct discovery on that issue beyond the information contained in its responses to Plaintiff's discovery requests.

In her motion to quash, Plaintiff also argued that the Subpoenas should be quashed because they sought sensitive, confidential, and proprietary information from Visalus and Nerium. That court concluded that argument was likewise without merit. The court noted that, pursuant to civil rule 26-2(a) of the Rules of Practice for the United States District Court for the District of Utah, the court's Standard Protective Order is already in place in this case. *See* DUCivR 26-2(a)(1) ("The Standard Protective Order is effective by virtue of this rule and need not be entered in the docket of the specific case."). The court further noted that the Standard Protective Order provides that it "shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of [the Standard] Protective Order." DUCivR Appendix XV, Standard Protective Order. Finally, the court noted that the Standard Protective Order further provides that any party may designate information as "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY." *Id*. The court concluded that the ability to designate any sensitive, confidential, and proprietary information produced by way of the Subpoenas in such a fashion provides adequate protection to obviate any of Plaintiff's concerns about inappropriate disclosure of the information.

Subsequent to the court's February 24, 2014 order, and after several communications between counsel, Defendant requested that Nerium first provide a list of the individuals in Plaintiff's "frontline," i.e., names of all the individuals that Plaintiff personally sponsored into Nerium. Nerium then produced a one-page document, labeled N00001, containing the names of

the individuals in Plaintiff's "frontline."[8] Based on the contents of N00001, there are seven individuals in Plaintiff's "frontline" at Nerium who are also Defendant's distributors and who Plaintiff did not personally sponsor into Defendant.

Defendant contends that it is relevant when those individuals joined Nerium because Plaintiff was permitted to recruit Defendant's distributors to Nerium after she was terminated by Defendant in March 2013. Accordingly, Defendant then requested from Nerium the sign-up dates of those individuals.[9]

On March 26, 2014, Nerium disclosed the sign-up dates of the seven individuals in a document labeled N00002.[10] According to Defendant, four of the individuals are or were Defendant's distributors, not personally sponsored into Defendant by Plaintiff, but are in Plaintiff's "frontline" at Nerium. Defendant further contends that those four individuals signed up with Nerium before Plaintiff was terminated by Xyngular. Defendant asserts that this evidence shows that Plaintiff cross-recruited those individuals in violation of Defendant's Policies.

Defendant then requested that Plaintiff stipulate that the document produced by Nerium, labeled N00002, accurately reflects the dates that the seven individuals in Plaintiff's "frontline" signed up at Nerium. Specifically, the proposed stipulation states in part:

> The parties stipulate that the information contained [in N00002] is
> accurate; that the seven individuals are in [Plaintiff's] frontline;
> and, that the sign-up dates are accurate. Further, the parties
> stipulate that N00002 is admissible evidence at trial and that it is

---

[8] *See* docket no. 68, Exhibit F.

[9] *See id.*, Exhibit G.

[10] *See id.* Exhibit H.

not necessary for a Nerium representative to testify at trial that
N00002 contains correct information.[11]

According to Defendant, Plaintiff refused to agree that N00002, produced by third-party Nerium, contains accurate information. Accordingly, Plaintiff's counsel revised the stipulation on June 24, 2014.[12]

On June 27, 2014, Defendant informed Plaintiff that Defendant could not agree to the following language: "The dates contained in [N00002] indicate when the individuals signed up with Nerium[,] which may not be the same as the date these seven individuals became part of [Plaintiff's] frontline."[13] Accordingly, Defendant indicated that it would be necessary for Defendant to depose Nerium.[14]

Plaintiff responded on July 8, 2014, by stating that, while she will agree to Nerium's deposition for the limited purpose of laying a foundation for N00002, she is not agreeable to exploring any other topics with Nerium, such as verification that the dates in N00002 accurately reflect when the seven individuals signed up with Nerium under Plaintiff.[15]

According to the operative scheduling order in this case, the fact discovery deadline was January 7, 2014.[16] As noted above, the court did not rule on Plaintiff's motion to quash until

---

[11] *Id.*, Exhibit I.

[12] *See id.*, Exhibit J.

[13] *Id.*; *see also id.*, Exhibit K.

[14] *See id.*, Exhibit K.

[15] *See id.*, Exhibit L.

[16] *See* docket no. 64.

February 24, 2014, and Nerium did not produce the information sought by Defendant until March 26, 2014.

In the motion now before the court, which was filed on July 11, 2014, Defendant seeks an order amending the scheduling order to extend fact discovery for the limited purpose of taking a deposition of Nerium pursuant to rule 30(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(b)(6). The proposed topics that Defendant seeks to discover are primarily related to N00002, particularly the sign-up dates of the seven individuals listed on the document.[17]

## **ANALYSIS**

As noted above, Defendant's motion seeks to amend the scheduling order for the limited purpose of taking Nerium's rule 30(b)(6) deposition. "[T]he district court has wide discretion in its regulation of pretrial matters," and the Tenth Circuit reviews a district court's determination about whether to reopen discovery "for an abuse of discretion." *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990).

Pursuant to rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The factors this court considers in deciding whether to reopen discovery are:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

---

[17] *See* docket no. 68, Exhibit M.

*Sil-Flo, Inc.*, 917 F.2d at 1514 (quotations and citation omitted). Because neither party focuses on the fifth factor, the court will not address it here. The court now turns to considering the remaining factors.

First, as Plaintiff concedes, trial is not imminent. It is not scheduled to commence until March 30, 2015. Second, the court notes that Defendant's request is opposed. Third, notwithstanding Plaintiff's arguments concerning the additional costs related to Nerium's deposition, the court is not persuaded that Plaintiff would be unduly prejudiced by allowing Nerium's deposition. Fourth, the court cannot say that Defendant was not diligent in seeking to depose Nerium. Defendant served its original subpoena in November 2013 to obtain the information contained in N00001 and N00002, which was well before the established fact discovery deadline. The delay between that date and the date upon which Defendant determined that it would need to depose Nerium is attributable to Plaintiff's subsequent motion to quash the subpoena, the time necessary for the court to rule on that motion to quash, and, finally, discussions among counsel about the information that would be produced responsive to the subpoena. Once Defendant determined that it would need to depose Nerium, and that Plaintiff would neither agree to the scope of that deposition nor enter into a stipulation concerning N00002, Defendant quickly sought court intervention.

Finally, the court considers the likelihood that the discovery sought by Defendant will lead to relevant evidence. Plaintiff focuses almost exclusively on this factor and, in fact, argues that it is "dispositive" of Defendant's motion.[18] In two previous discovery orders, this court has

---

[18] Docket no. 69 at 5.

set forth the following standards for determining whether information sought through discovery is relevant.[19]

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Advisory Committee Notes for the 2000 Amendments to rule 26 direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1).

In *In re Cooper Tire & Rubber Company*, the Tenth Circuit clarified that the 2000 Amendments to rule 26 "implemented a two-tiered discovery process; the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action." *See In re Cooper Tire & Rubber Company*, 568 F.3d at 1188. The Tenth Circuit further stated that

> when a party objects that discovery goes beyond that relevant to the claims or defenses, "the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." This good-cause standard is intended to be flexible. When the district court does intervene in discovery, it has discretion in determining what the scope of discovery should be. "[T]he actual scope of

---

[19] *See* docket nos. 36, 49.

9

> discovery should be determined according to the reasonable needs
> of the action. The court may permit broader discovery in a
> particular case depending on the circumstances of the case, the
> nature of the claims and defenses, and the scope of the discovery
> requested."

*Id.* at 1188-89 (quoting Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1)) (citations and footnote omitted) (alteration in original).

As she has done in two prior motions,[20] Plaintiff takes a very narrow view of what type of information is relevant in this lawsuit. The court rejected Plaintiff's narrow stance on discovery in the two orders ruling on those motions,[21] and the court rejects it again here. The court has determined that good cause exists to allow the deposition of Nerium because the information sought by Defendant through that deposition is, at minimum, relevant to the subject matter of this case. *See id.*

Based on the foregoing consideration of the relevant factors, the court has determined that good cause exists to reopen discovery for the limited purpose of allowing Defendant to take Nerium's rule 30(b)(6) deposition. Accordingly, Defendant's motion to amend the scheduling order in order to depose Nerium[22] is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 27th day of August, 2014.

BY THE COURT:

PAUL M. WARNER, U.S. Magistrate Judge

---

[20] *See* docket nos. 23, 32.

[21] *See* docket nos. 36, 49.

[22] *See* docket no. 68.