# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JANE FRERES,<br><br>      Plaintiff,<br>vs.<br><br>XYNGULAR CORP.,<br><br>      Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:13CV400 DAK |

This matter is before the court on Plaintiff Jane Freres' ("Ms. Freres") Motion for Summary Judgment As to Liability for Breach of Contract.   A hearing on the motion was held on July 1, 2014.   At the hearing, Xyngular Corporation's ("Xyngular") was represented by J. Angus Edwards and Jessica P. Wilde.  Ms. Freres was represented by Brent V. Manning and John T.  Nelson. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

## I.  BACKGROUND

Xyngular Corporation ("Xyngular") is a multi-level marketing company that sells a variety of dietary supplements through a network of independent distributors.  Plaintiff, Jane Freres, is a former Xyngular independent distributor.  This case arises from the termination of Ms. Frere's Distributor Contract (the "Contract").  Ms. Freres claims that the termination of her Contract resulted from the wrongful and unilateral decision of Xyngular's President, Marc

Walker ("Mr. Walker"). She contends that the undisputed facts demonstrate that Xyngular terminated her without basis, without notice, and in complete disregard of the procedural safeguards contained in Xyngular's policies governing its relations with its distributors (the "Policies"). Thus, she claims, summary judgment is appropriate with respect to her claim for breach of contract and breach of the covenant of good faith and fair dealing.

Xyngular disagrees, contending that there are genuine issues of disputed fact that preclude summary judgment. During the time that she was a distributor for Xyngular, Ms. Freres became involved in another multi-level marketing company, Nerium International, LLC ("Nerium"). Xyngular maintains that Ms. Freres "cross-recruited," by soliciting or enticing another Xyngular distributor, whom she did not personally sponsor, to sell or purchase Nerium products or services, which is prohibited under the Policies. Xyngular therefore argues that it was entitled under its Policies to terminate Ms. Freres' Contract.

The court finds that material issues of fact preclude granting Ms. Freres' Motion for Summary Judgment. While it is undisputed that a contract existed between Ms. Freres and Xyngular and that cross-recuiting constitutes a breach of that contract, there are several questions of fact that must be decided by a jury. These disputed facts include, but are not limited to: (1) whether, after having suspended Ms. Freres' account for cross-recruiting, Mr. Walker told Ms. Freres upon reinstating her on September 11, 2012, that her Contract would be automatically terminated if she cross-recruited again; (2) whether Ms. Freres improperly cross-recruited Mr. Lambert; (3) whether Xyngular was entitled to terminate Ms. Freres' Contract without notice or an opportunity to be heard or whether it breached the contract by failing to abide by its termination procedure; (4) whether Xyngular otherwise breached the Contract by failing to

establish a DCRC, by not providing an appeal procedure, and/or by failing to have a mediation/arbitration policy or whether Xyngular "substantially complied" with its Policies.

Accordingly, this case must proceed to trial. As set forth in the Second Amended Scheduling Order, a 5-day jury trial is scheduled to begin on March 30, 2015.[1] Approximately three months prior to trial, the court will issue a Trial Order, which will, among other things, set forth deadlines for (1) exchanging and filing proposed jury instructions and verdict forms; (2) filing proposed voir dire; and (3) filing motions in limine.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Ms. Freres' Motion for Summary Judgment As to Liability for Breach of Contract [Docket No. 35] is DENIED. This case will proceed to trial, which will begin on March 30, 2015.

DATED this 30th day of September, 2014.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[1] Docket No. 64.